Argued August 26, petition dismissed November 1, 1976

# UNITED PARCEL SERVICE, INC. et al, *Petitioners,*
*v.*
# OREGON TRANSPORTATION COMMISSION,
*Respondent.*
## (CA 5587)
555 P2d 778

*John Wiley Gould,* Portland, argued the cause for petitioners. With him on the brief were Dezendorf, Spears, Lubersky & Campbell, and Stephen T. Janik, Matthew C. Chapman and Davies, Biggs, Strayer, Stoel & Boley, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

## TANZER, J.

Petitioners seek judicial review pursuant to ORS 183.400(1) to have Administrative Rule No. 73 of the Oregon Transportation Commission declared invalid because of noncompliance with statutory rule making procedures.

On August 12, 1975, the City of Portland adopted an ordinance rerouting truck traffic to and from the industrial complex on Swan Island during certain nighttime hours.[1] Because the designated route included a section of state highway (N. Interstate Avenue, Ore 99E), ORS 483.542[2] requires that the Oregon Transportation Commission consent to the route prior to implementation of the ordinance.

On September 1, 1975, the Commission published, in the Administrative Rules Bulletin, notice of a proposed rule and of a public hearing on the question. The hearing was held on September 10 and petitioners and other interested persons testified before the Commission regarding the Portland ordinance.

On October 28, 1975, the Commission adopted what it denominated Administrative Rule No. 73[3] granting its consent to the designated route.

---

[1] Portland City Ordinance No. 140359 amending Ordinance No. 138791.

[2] ORS 483.542 provides in pertinent part:

"* * * The municipal authorities of an incorporated city or town shall not designate as a truck route, or prohibit the operation of any vehicle upon, any street, road or highway under the jurisdiction of the Department of Transportation or any county, without the written consent of the department or the county court or board of county commissioners, as the case may be."

[3] Administrative Rule No. 73 provides:

"Establishment of a truck route which would route Swan Island truck traffic from and to I-5 south through the Broadway-Weidler Interchange in Portland during the hours of 11 p.m. to 6 a.m. The route would utilize N. E. Broadway, N. Interstate Avenue (ORE99E), North Greeley Avenue and N. Going Street. Approval subject to the provision that the City of Portland will bear the cost of signing, traffic control, lane revisions, curb revisions at 90-degree turns and street improvements necessary to reduce hazards on the truck route."

ORS 183.341 became effective prior to adoption of Rule No. 73. Section (4)[4] of that statute requires certain agencies, including the Transportation Commission, to adopt rules of procedure designed to give interested persons reasonable notice of the agency's intention to adopt, amend or repeal a rule. The Transportation Commission did not fully comply with this requirement until January 9, 1976, well after the adoption of Rule No. 73. Section (5) of the statute provides that no rule promulgated after the effective date of the act shall be valid unless enacted in substantial compliance with the procedures adopted pursuant to Section (4).

The issue, then, is whether the act of consent by the Transportation Commission, pursuant to ORS 483.542, to the designation of a state highway as a truck route is a rule, as contended by petitioners, or not, as contended by respondent. If so, Rule No. 73 is invalid since, at the time it was promulgated, no rule implementing the requirements of ORS 183.341(4) had been adopted by the Commission. If not, it stands as an effective administrative act.

■■ Not every administrative action with public consequences is a rule and calling something one does not make it one. The Administrative Procedures Act (APA) defines "rule" and its exceptions with sufficient flexibility to allow agencies to perform essentially executive functions without unnecessary procedural obstacles. ORS 183.310(7) provides:

" 'Rule' means any agency directive, regulation or statement of general applicability that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of any agency. The term includes the amendment or repeal of a prior rule, but does not include:

---

[4] ORS 183.341(4) provides:

"Agencies shall adopt rules of procedure which will provide a reasonable opportunity for interested persons to be notified of the agency's intention to adopt, amend or repeal a rule. Rules adopted pursuant to this subsection shall be approved by the Attorney General."

"(a) Internal management directives, regulations or statements between agencies, or their officers or their employes, or within an agency, between its officers or between employes, unless hearing is required by statute, or action by agencies directed to other agencies or other units of government.

"* * * * *"

Subsection (a) arises from the 1971 revision of the APA, enacted in Or Laws 1971, ch 734, which was based largely upon the conceptualization and draftmanship of the Attorney General and the Oregon State Bar Committee on Administrative Procedure. In its explanation of the proposed revision to the Committee on the Judiciary of the House of Representatives, the bar committee explained the proposed exceptions to the definition of "rule" as follows:

"The above-noted exclusions from the definitions of 'rule' were adopted in consultation with the Attorney General to make it clear that binding actions proceeding from an executive addressed to another executive or agency or to an official within the agency are not 'rules' and therefore are not subject to all the provisions of the rule making process. If, however, such executive action directly affects the legal rights of a third party, it could be subject to the provisions of ORS chapter 183 as amended by HB 1213. It is the consideration of the Committee on Administrative Law, however, that internal management directives are not self-operating, but that further action or orders of the agency or officer receiving the directives are required. That subsequent action would be the appropriate one for the sanction of the act to apply to.

"* * * * *" Committee on Administrative Law of the Oregon State Bar, Summary Statement on HB 1213, Amendments to the Administrative Procedures Act, p. App 2 (1971).

In his explanation after passage, the chairman of the bar committee explained that the exceptions of subsection (a) assume that administrative acts are not "self-executing, but require further agency action to directly affect the legal rights of a third party; which would be subject to the provisions of" the Administra-

tive Procedures Act. Legislation, Oregon State Bar CLE Handbook, Administrative Procedures Act, ch 734, p. 6 (1971).

Accordingly, we recently interpreted the phrase "internal management directives" of subsection (a) to mean only those communications which "affect individuals solely in their capacities as members of the agency involved rather than as members of the general public who may have occasion to deal with the agency." *Burke v. Children's Serv. Div.,* 26 Or App 145, 151, 552 P2d 592 (1976). We reasoned that the APA was intended to provide procedural protections to individuals adversely affected by administrative action and that those protections could not be dispensed with unless all interests affected by the action were within the agency.

In this case we are required to construe the phrase "action by agencies directed to other agencies." We do so following the same functional approach as in *Burke.* Here the act complained of is not self-executing. No private or public interest is affected by the action of the Transportation Commission standing alone. The action of another unit of government, the City of Portland, is the action by which any interests are adversely affected. The position of the Transportation Commission is in ways analogous to that of petitioners; it has interests which are affected by the acting agency, the City of Portland, and ORS 483.542 provides a method for the protection of that interest. The action of the City of Portland is the action that operates to affect the interests of petitioners and respondent alike.

Subsection (a) assumes the existence of procedural protections which inhere in the action of the ultimate acting agency. The assumption that such protection will be afforded under the Administrative Procedures Act is appropriate where the ultimate acting agency is an administrative agency performing a quasi-legislative act pursuant to a delegation of legislative

authority. The consent here, however, is to another unit of government. The legislative action affecting petitioners' interest was performed by a legislative body of another unit of government. We may assume for purposes of this proceeding that all of the public protections inherent in the legislative process were respected by the City of Portland; indeed petitioners acknowledge that they were heard by the Portland City Council prior to adoption of the ordinance in question. A party who feels aggrieved by an asserted legislative or administrative irregularity in a governmental action affecting that party's interests is free to pursue appropriate remedies against the agency or unit of government which actually takes that action, not against a separate agency whose act is entirely inter- or intra-governmental in effect.

Therefore, we hold that an action by a state administrative agency directed to other agencies or other units of government is exempt from the rule making requirements of the APA at least where the ultimate acting agency is subject to the Administrative Procedures Act or is required to accord functionally equivalent protections to the public interest, or is subject to the procedural requirements of legislative bodies. By this test, the consent of the Transportation Commission to the designation by the City of Portland of a highway route comes within the exceptions of subsection (a) and is not a rule.

Petitioners' fall-back argument is that the Transportation Commission, having labeled its consent as a rule and having proceeded in a manner resembling rule making, thereby bound itself to strictly comply with the statutory rule making procedures. To hold that an agency which conducts a nonrequired hearing automatically becomes subject to the rule making procedure would be to discourage agencies from hearing informally from the public, would penalize agencies for excesses of procedural caution, and would encourage redundant procedure in multi-agency governmental actions. Therefore we decline to so hold.

Petition for judicial review dismissed.