Argued November 22, 1978, reversed April 23, 1979

PORTLAND INN, INC., et al, *Respondents,*

*v.*

OREGON TRANSPORTATION COMMISSION,
*Appellant.*

(No. 424-307, CA 10502)

593 P2d 1233

Mary J. Deits, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Stephen T. Janik, Portland, argued the cause for respondent Portland Inn, Inc., a Missouri corporation. With him on the brief were Matthew W. Chapman, and Davies, Biggs, Strayer, Stoel & Boley, Portland.

No appearance for respondent United Parcel Service, Inc., an Ohio corporation.

Before Richardson, Presiding Judge, and Lee and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

This proceeding, instituted by parties of which one was a petitioner in *United Parcel v. Transp. Comm,* 27 Or App 147, 555 P2d 778 (1976), involves a challenge to the same action of the Oregon Transportation Commission (OTC) which was challenged there. The threshhold question here is, therefore, what, if anything, remains to be decided in light of the earlier case. If OTC had raised the issue, a persuasive argument could be made that the plaintiffs are collaterally estopped by that decision. However, because the parties did not raise collateral estoppel, the question is not whether the plaintiffs are barred from asserting the issues they have now raised, but whether, and to what extent, those issues were directly or necessarily previously decided.

In *United Parcel,* the petitioners contended that Administrative Rule No. 73 was a "rule" as defined by ORS 183.310(7), and that it had been adopted without compliance with the APA's rulemaking requirements. We held that

> "an action by a state administrative agency directed to other agencies or other units of government is exempt from the rule making requirements of the APA at least where the ultimate acting agency is subject to the Administrative Procedures Act or is required to accord functionally equivalent protections to the public interest, or is subject to the procedural requirements of legislative bodies. By this test, the consent of the Transportation Commission

[1] ORS 183.310(7)(a):

"(7) 'Rule' means any agency directive, standard, regulation or statement of general applicability that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of any agency. The term includes the amendment or repeal of a prior rule, but does not include:

"(a) Internal management directives, regulations or statements between agencies, or their officers or their employes, or within an agency, between its officers or between employes, unless hearing is required by statute, or action by agencies directed to other agencies or other units of government."

\*\*\* comes within the exceptions of [ORS 183.310(7)(a)][1] and is not a rule." 27 Or App at 153.

In the present case, petitioners argue that OTC's consent constituted an order in a noncontested case. In other words, having failed to prevail on the original theory that the agency action was a rule, they are now trying to invoke judicial review on the alternative theory that the agency's consent was an "order" within the meaning of ORS 183.310(4)[2] and is therefore reviewable under ORS 183.480 *et seq.* We have already held that the OTC's action was an "action by [an agency] directed to other agencies or other units of government"—one of the types of actions, along with "internal management directives," defined in ORS 183.310(7)(a). Petitioners can prevail only if an agency action can be simultaneously an "order," and an "internal management directive" or one of the other actions defined in ORS 183.310(7)(a).

We have previously determined that an agency action cannot be both an "order" and a "rule," and that a party cannot follow the APA's procedures for review of a quasi-judicial act if the act is in fact legislative. *Amazon Coop. Tenants v. Bd. High Ed.,* 15 Or App 418, 516 P2d 89 (1973), *rev den* (1974). We now conclude that an act cannot simultaneously be an "order" and an "internal management directive."

Internal management directives and other agency actions within the ambit of ORS 183.310(7)(a) are defined as being *"directed to* other agencies or other units of government." (Emphasis added.) Conversely, as defined in ORS 183.310(4), an "order" is an action *"directed to* a named person or persons, \*\*\* which grants, denies, modifies, suspends or revokes any right

[2] ORS 183.310(4):

"(4) 'Order' means any agency action expressed verbally or in writing directed to a named person or named persons, other than employes, officers or members of an agency, but including agency action under ORS chapter 657 making determination for purposes of unemployment compensation of employes of the state and agency action under ORS chapter 240 which grants, denies, modifies, suspends or revokes any right or privilege of such person."

or privilege of such person." (Emphasis added.) Although the repugnancy of the two statutory definitions as worded is not complete, it appears clear that the legislature intended orders, like rules, to be actions directed beyond the acting agency and other agencies and units of government, while internal management directives are essentially intragovernmental in their effect. *Cf. Burke v. Children's Serv. Div.*, 26 Or App 145, 552 P2d 592 (1976). Accordingly, *United Parcel* is as inconsistent with a conclusion that the challenged agency action is an "order" as it is with a conclusion that that action is a "rule."

Reversed.

**LEE, J.,** dissenting.

In *United Parcel v. Transp. Comm.*, 27 Or App 147, 555 P2d 778 (1976), this court considered whether Administrative Rule No. 73 (Rule 73) of the Oregon Transportation Commission (OTC) was a "rule" and held that it was not. At that time, it was not necessary to decide what it actually was. This court is not barred from deciding that question now. We should do so.

The issue in the instant case is whether Rule 73 was an order not arising from a contested case. ORS 183.484. I would affirm the finding of the circuit court that Rule 73 was such an order and that it was null and void because it was not supported by substantial evidence.

I agree with that portion of the majority opinion which construes ORS 183.310(7)(a), stating that

"* * * the legislature intended orders, like rules, to be actions directed beyond the acting agency and other agencies and units of government, while internal management directives are *essentially intragovernmental in their effect. * * **" 39 Or App 753, 593 P2d 1233 (1979). (Emphasis supplied.)

Applying this standard, however, Rule 73 constitutes an "order."

[753]

Rule 73 concerns a Portland City Council Ordinance rerouting nighttime truck traffic between Swan Island and Interstate 5 in Portland. Under ORS 483.542,[1] the city could not designate the new truck route without OTC's approval. OTC therefore published notice of the ordinance, held a hearing, and entered its consent to it. The parties most affected by OTC's action are the residents and the truck drivers of the new and old routes. I cannot agree that such an action is "essentially intragovernmental" in its effect.

Therefore, I respectfully dissent.

---

[1] ORS 483.542 provides in pertinent part:

"* * * The municipal authorities of an incorporated city or town *shall not designate as a truck route,* or prohibit the operation of any vehicle upon, *any street, road or highway* under the jurisdiction of the Department of Transportation or any county, *without the written consent* of the department or the county court or board of county commissioners, as the case may be." (Emphasis supplied.)