Argued and submitted November 15, 1982, petition dismissed March 30, 1983

ROGUE FLYFISHERS, INC.,
*Petitioner,*
*v.*
WATER POLICY REVIEW BOARD et al,
*Respondents.*

(CA A24417)

660 P2d 1089

Emil R. Berg, Portland, argued the cause for petitioner. With him on the brief was Wolf, Griffith, Bittner, Abbott & Roberts, Portland.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frindings can be requested and General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner seeks review of an action taken by the Water Policy Review Board (Board), arguing that the action constituted the promulgation of a rule and that the rule is invalid because, *inter alia,* the Board failed to comply with provisions of the Administrative Procedure Act (APA) that govern the adoption of rules. Because we conclude that the Board did not promulgate a rule by the action challenged here, we dismiss the petition for review.

The act in question is a vote by the Board to instruct its staff to base future stream flow computations on the amount of water present in a given stream 80 percent of the time. Petitioner argues that this action was tantamount to the adoption of a rule, as "rule" is defined in ORS 183.310, and that the rule is invalid, because the Board (1) failed to follow pertinent APA procedural requirements, (2) violated its own rules of administrative procedure and (3) exceeded its statutory authority. Petitioner asserts ORS 183.400 as the sole basis for this court's jurisdiction.[1]

The Board argues that its action does not fit within the definition of "rule," because it does not "substantially affect the interests of the public." ORS 183.310(8)(a). If the Board is correct, its action is not subject to judicial review under ORS 183.400, and we therefore lack jurisdiction.

The initial question, then, is whether the Board's action is a rule. To make that determination, it is necessary

---

[1] The parties do not refer to ORS 536.560 which states:

"*Any person,* public corporation or state agency *aggrieved by any* order, rule or regulation of the Water Policy Review Board * * * *may appeal from the same to the circuit court* of the county in which the property affected by such * * * rule * * * or any part of such property is situated. The appeal may be carried from the circuit court to the Court of Appeals. * * *" (Emphasis supplied.)

The Board does not contend that this provision gives the circuit court exclusive jurisdiction to review its rules. The comprehensive language of ORS 183.400 and the policy of uniformity underlying the APA convince us that Board rules are subject to review in this court. Nonetheless, the mere existence of ORS 536.560 leaves us with a question: Did the passage of ORS 183.400 work an implied repeal of ORS 536.560, *see League of Women Voters v. Lane Co. Bndry Comm.,* 32 Or App 53, 59, 573 P2d 1255 (1978), or does a person challenging a Board rule have a choice of forums? The answer is not clear; clarification by the legislature would no doubt be appreciated by future petitioners and the courts.

to have a general understanding of certain of the Board's statutory responsibilities and the role of its staff. The enabling legislation, ORS chapter 536, requires the Board to fashion a comprehensive state water policy. One section of that chapter, ORS 536.325, empowers the Board to establish minimum stream flows. To perform these functions, it must know how much water is available to meet the domestic, industrial, agricultural, municipal and other demands of the state's water users. The Board's staff provides it with the necessary data. The action that is the subject matter of this case was an instruction to Board staff to base estimates of the monthly yield of each stream upon the amount of water present in the stream 80 percent of the time (*i.e.,* "the yield that is equalled or exceeded four out of five years"), rather than the amount that is present in the stream 50 percent of the time, the standard that had been used previously.

Bearing in mind that context of the Board's action, we now turn to the definition of "rule." ORS 183.310(8) provides, in pertinent part:

"(8) 'Rule' means any agency directive, standard, regulation or statement of general applicability that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of any agency. *The term* includes the amendment or repeal of a prior rule, but *does not include:*

"(a) Unless a hearing is required by statute, *internal management directives,* regulations or statements *which do not substantially affect the interests of the public:*

"* * * * *

"(B) Within an agency, between its officers or between employes.

"* * * * *" (Emphasis supplied.)

In *Burke v. Children's Services Division,* 26 Or App 145, 552 P2d 592 (1976), *we said:*

"* * * [I]t better serves the policy of the APA to interpret the phrase 'internal management directive' narrowly * * *. Such communications, or 'directives,' affect individuals solely in their capacities as members of the agency involved rather than as members of the general public who

may have occasion to deal with the agency. * * *" 26 Or App at 151.[2]

Later, in *United Parcel v. Transp. Comm.*, 27 Or App 147, 555 P2d 778 (1976), we examined the legislative history of ORS 183.310(7)(a):

"Not every administrative action with public consequences is a rule and calling something one does not make it one. The Administrative Procedures Act (APA) defines 'rule' and its exceptions with sufficient flexibility to allow agencies to perform essentially executive functions without unnecessary procedural obstacles * * *."

"* * * * *

"* * * [ORS 183.310(7)] (a) arises from the 1971 revision of the APA, * * * which was based largely upon the conceptualization and draftmanship of the Attorney General and the Oregon State Bar Committee on Administrative Procedure. In its explanation of the proposed revision to the Committee on the Judiciary of the House of Representatives, the bar committee explained the proposed exceptions to the definition of 'rule' as follows:

" 'The * * * exclusions from the definitions of "rule" were adopted in consultation with the Attorney General to make it clear that binding actions proceeding from an executive addressed to another executive or agency or to an official within the agency are not "rules" and therefore are not subject to all the provisions of the rule making process. If, however, such executive action directly affects the legal rights of a third party, it could be subject to the provisions of ORS chapter 183 as amended by HB 1213. It is the consideration of the Committee on Administrative Law, however, that

---

[2] When *Burke* was decided, the APA's definition of "rule" appeared in ORS 183.310(7)(a). It provided, in pertinent part, that:

"(7) * * * The term [rule] includes the amendment or repeal of a prior rule, but does not include:

"(a) Internal management directives, regulations or statements between agencies or their offices or employes, or within an agency, between its officers or between employes, unless a hearing is required by statute, or action by agencies directed to other agencies or other units of government.

"* * * * *"

The 1979 and 1981 APA amendments, which resulted in the current definition of "rule" at ORS 183.310(8)(a), did not change the definition in any way that undermines our statements in *Burke*.

internal management directives are not self-operating, but that further action or orders of the agency or officer receiving the directives are required. That subsequent action would be the appropriate one for the sanction of the act to apply to.

" '* * * * *' Committee on Administrave Law of the Oregon State Bar, Summary Statement on HB 1213, Amendments to the Administrative Procedures Act, p. App 2 (1971).

"In his explanation after passage, the chairman of the bar committee explained that the exceptions of subsection (a) assume that administrative acts are not 'self-executing, but require further agency action to directly affect the legal rights of a third party, which would be subject to the provisions of' the Administrative Procedures Act. * * *" 27 Or App at 150-152.

■ From *Burke* and the legislative history discussed in *United Parcel*, [3] it appears that "internal management directives" have two main characteristics. First, they "affect individuals solely in their capacities as members of the agency involved rather than as members of the general public who may have occasion to deal with the agency." 26 Or App at 151. Second, they are not self-executing. In other words, the agency must take some step beyond the mere establishment of the directive before any public or private interest is directly affected.

■ Here, the Board's vote to instruct its staff to employ a particular methodology does not affect anyone but the staff, and the impact on staff members is confined to the performance of their jobs. Second, the Board's action will have no effect on public or private interests unless the Board takes some further action, like the establishment of a minimum stream flow, based on the information generated through the staff's use of the 80 percent figure.[4]

---

[3] The administrative action at issue in *United Parcel* was an "action by agencies directed to other agencies." The discussion of "internal management directives" in that case was therefore dictum, strictly speaking. It nonetheless correctly summarizes the history and purpose of the "internal management directive" exception.

[4] If the Board does establish minimum stream flows for particular rivers based in part upon the information provided to it by staff using the 80 percent figures, that action may well be a rule subject to judicial review under ORS 183.400. That question, however, is not presented by this case.

We therefore hold that the Board's action is an internal management directive that does not substantially affect the interests of the public. Because such actions are excluded from the APA's definition of "rule," we do not have appellate jurisdiction under ORS 183.400.

The petition for judicial review is dismissed.