Submitted on record and appellants' brief March 16, reversed July 25, 1984

BRUCE et al,
*Respondents,*

*v.*

MAURAIS et al,
*Defendants,*
LEASE NORTHWEST, INC. et al,
*Respondents,*
PACIFIC WOOD FUEL, INC. et al,
*Appellants.*

(9326; CA A28912)

684 P2d 1243

Richard S. Fairclo and Proctor, Puckett & Fairclo, Klamath Falls, filed the brief for appellants.

Frank J. Susak, Portland, waived appearance for respondent Manufacturers Consultants, Inc.

Michael D. Williams, Portland, waived appearance for respondent Lease Northwest, Inc.

No appearance by respondents John T. Bruce and Bio-Energy Conversion Systems, Inc.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

**WARDEN, J.**

Pacific Wood Fuel, Inc., and Grim appeal from a judgment of the trial court finding them in contempt for failure to comply with its January 28, 1983, order requiring them to move two wood densifier machines from a location in Lakeview to a location in Portland. We reverse.

The original parties to the action underlying this contempt proceeding included plaintiff Bruce, individually and on behalf of Bio-Energy Conversion Systems, Inc. (BIO), and defendants Maurais, Lease Northwest, Inc., Manufacturers Consultants, Inc. (MCI), MSP Corporation (MSP) and Pacific Wood Fuel, Inc. (Pacific Wood). When the action was initiated, Maurais owned 50 percent of BIO and a one-third interest in MSP. Grim acquired Maurais' interest in those two corporations by assignment. Pacific Wood is the predecessor corporation to a new corporation named Natural Energy Alternatives Technology, Inc. (NEAT). Maurais assigned Grim an unspecified interest in Pacific Wood, and Grim is presently the president and operator of NEAT. Pacific Wood/ NEAT is located at Lakeview.

The factual background is rather complex; we include only those facts relevant to this appeal. BIO claimed ownership and rights to four wood densifier machines. Pursuant to BIO's motion, the trial court on October 25, 1981, issued an order restraining each of the original defendants from moving three of the machines from the Portland plant of MCI.[1] Later, two of the machines were moved to the offices of MSP, also in Portland, and then to the Pacific Wood/NEAT plant in Lakeview. The evidence is disputed as to who authorized the transfer to MSP; at the contempt hearing, Grim testified that he and Purcelli, the president of MSP, arranged and executed the transfer from MSP to the Lakeview plant.

Later, MCI moved for an order requiring Pacific Wood and Grim to return the two machines to its plant in Portland. By order, dated November 27, 1982, and filed January 28, 1983, the trial court granted the motion.[2] The machines were not returned as ordered, and on May 13, 1983,

---

[1] The order was not filed until December 24, 1981.

[2] Both the motion and the order were filed January 28, 1983.

MCI moved for an order finding Pacific Wood and Grim in contempt for failure to comply with the January 28, 1983, order. After a hearing, the court found them in contempt.

Pacific Wood and Grim appeal, assigning as error the trial court's issuance of the order requiring them to return the machines, in the absence of an undertaking by MCI and in the absence of service on Grim of the motion seeking the order, its denial of relief pursuant to the "clean hands" doctrine and its finding Pacific Wood in violation of the court order.

The first assignment of error raises the question whether the trial court lacked personal jurisdiction over Grim, so as to render void from its inception the order enjoining him to return the machines. If the order was void, Grim cannot be held in contempt for failure to obey it. *State v. LaFollette,* 100 Or 1, 7-8, 196 P 412 (1921); *cf. State ex rel Mix v. Newland,* 277 Or 191, 560 P2d 255 (1977) (if court has jurisdiction over parties and subject matter, party who fails to comply with its order may be held in contempt even if it later appears that the original order was voidable because it was in excess of the court's authority).

■        However, defendants also contend that, even had there been personal jurisdiction over Grim, the trial court lacked jurisdiction to order them to return the machines to Portland because MCI failed to file an undertaking.[3] Our examination of the court's records confirms defendants' assertion that MCI failed to file an undertaking, and we conclude, therefore, that the court was without authority to enter the order.

The order requiring Pacific Wood and Grim to return the machines is by its terms a preliminary injunction, because it was entered "after the commencement of the action and before judgment." ORCP 79A(2).

■        ORCP 82A(1)(a) provides:

"No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs,

---

[3] Defendants raise this issue for the first time on appeal. Ordinarily, we do not consider errors not asserted at trial, but when the issue is one of the court's jurisdiction to act, we must do so.

damages, and attorney fees as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."

In *State v. LaFollette, supra,* the Supreme Court construed the statutory predecessor to ORCP 82, which similarly required an undertaking before a preliminary injunction could issue:

"An injunction may be allowed by the court, or judge thereof, at any time after the commencement of the suit and before decree. Before allowing the same, the court or judge shall require of the plaintiff an undertaking, with one or more sureties, to the effect that he will pay all costs and disbursements that may be decreed to the defendant, and such damages, not exceeding an amount therein specified, as he may sustain by reason of the injunction if the same be wrongful or without sufficient cause." Olson's Oregon Laws, § 417.

Characterizing the language of the statute as imperative, the court stated that it "in effect declares that judges and courts are without jurisdiction and therefore without power to allow temporary injunctions unless an undertaking is first filed." 100 Or at 9. The language of ORCP 82A(1)(a) is no less imperative. Because MCI did not file an undertaking in this case, the trial court never acquired jurisdiction to order Pacific Wood and Grim to return the machines, and its order purporting so to require was void. Defendants cannot be held in contempt for disobeying an order that the court had no jurisdiction to make. *State v. LaFollette, supra,* 100 Or at 7. The judgment finding defendants in contempt is reversed.

Because of our disposition of this issue, we need not address Grim's contention that the trial court lacked jurisdiction because he was not served with notice of the motion that resulted in the void order, *see* ORCP 79C(1), or defendants' remaining assignments of error.

Reversed.