Argued and submitted February 25, reversed and remanded with instructions to
dismiss June 12, 1991

## PACIFIC NORTHWEST BELL
## TELEPHONE COMPANY
dba US West Communications,
*Respondent,*

*v.*

## Ron EACHUS,
Nancy Ryles and Myron B. Katz,
*Appellants,*

## GTE NORTHWEST INCORPORATED,
*Intervenor - Respondent,*

*v.*

## Ron EACHUS,
Nancy Ryles and Myron B. Katz,
*Appellants.*

(A8810-05621; CA A62579)

813 P2d 46

Keith L. Kutler, Assistant Attorney General, Salem, argued the cause for appellants. With him on the briefs were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, Salem.

John R. Faust, Jr., Portland, argued the cause for respondent Pacific Northwest Bell Telephone Company. With him on the brief was Schwabe, Williamson & Wyatt, Portland.

James M. Brown, Salem, argued the cause for respondent GTE Northwest Incorporated. With him on the brief was Enfield, Guimond & Brown, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

The individual defendants, constituting the Oregon Public Utilities Commission (PUC), appeal a judgment for two telecommunication utilities, which set aside rules adopted by PUC. We remand for dismissal.

PUC adopted rules that govern the accounting procedures used by telecommunications utilities. The rules are embodied in a document entitled "Order No. 88-954," which consists of the purported rules themselves and the agency's "order" adopting the rules. Plaintiff Pacific Northwest Bell (PNB) and intervenor GTE Northwest Incorporated (GTE) are two public utilities that would be affected by the rules. They sued in Multnomah County Circuit Court to have the rules set aside. PUC moved to dismiss on the ground that the court lacked subject matter jurisdiction, because ORS 756.580(2) confers exclusive jurisdiction on specific circuit courts, and Multnomah County Circuit Court is not one of those courts.[1] The trial court denied the motion. PUC renewed its jurisdictional objections in its trial brief. The court awarded judgment to plaintiffs.

■        PUC argues that the trial court lacked jurisdiction, because its order adopts rules, and this court has exclusive jurisdiction over challenges to the validity of rules adopted by administrative agencies. ORS 183.400(1). This specific argument was not made below. However, whether or not its argument was made in the trial court, the trial court's lack of subject matter jurisdiction may be raised for the first time on appeal. *Bruce v. Maurais,* 69 Or App 267, 684 P2d 1243 (1984); *Sayler v. City of Durham,* 63 Or App 327, 663 P2d 803 (1983).

■        Before we turn to the merits of PUC's jurisdictional argument, we address PNB's and GTE's contentions that we should resolve the issue the "easy way" and, in the interests of judicial economy, decide the merits of the case now on the briefs and record before us. They urge us to consider the appeal as if it were a petition under ORS 183.400(1).[2] We

---

[1] It renews this contention on appeal as an alternative argument under its first assignment of error. Because of our disposition of this case, we need not address this argument.

[2] PNB's and GTE's contentions that the "procedural requirements are easily

decline to do so. If PUC is correct that the circuit court never had jurisdiction, PUC's appeal from that judgment only confers jurisdiction on this court to decide the jurisdictional issue. *In re Cooke's Estate,* 167 Or 58, 115 P2d 302 (1941).

■■ PUC argues that Order No. 88-954 actually consists of "rules" as defined by ORS 183.310(8), the validity of which may only be determined by this court under ORS 183.400(1). Accordingly, it argues, the circuit court did not have jurisdiction to act in this case.

PUC's denomination of Order No. 88-954 as an "order" does not necessarily make it an order. *United Parcel v. Transp. Comm.,* 27 Or App 147, 555 P2d 778 (1976). Rather, we determine whether it falls within the statutory definition of an order or a rule. *See Burke v. Children's Services Division,* 288 Or 533, 607 P2d 141 (1980). ORS 183.310(5)(a) defines "order" as

"[a]ny agency action expressed in writing and directed to a named person or named persons other than employees, officers or members of an agency. 'Order' includes any agency determination or decision issued in connection with a contested case proceeding."

ORS 183.310(8) provides, in part:

" 'Rule' means any agency directive, standard, regulation or statement of general applicability that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of any agency."

We conclude that Order No. 88-954 is a rule under ORS 183.310(8). None of it is "directed to a named person or named persons." *Portland Inn v. OTC,* 39 Or App 749, 752, 593 P2d 1233 (1979). Rather, it involves a "quasi-legislative" act of general applicability, rather than a "quasi-judicial" act adjudicating the rights of a named person or persons. *See Amazon Coop. Tenants v. Bd. High. Ed.,* 15 Or App 418, 420, 516 P2d 89 (1973), *rev den* (1974). Accordingly, under ORS

---

met," because we have essentially the same information before us as we would arguably have if a petition had been properly filed as required by ORS 183.400(1), misses the point. Our appellate jurisdiction arises only from statute. *State v. Curran,* 291 Or 119, 628 P2d 1198 (1981). ORS 183.400(1) sets out a specific procedure for challenging a rule in this court. This case was not commenced in compliance with that procedure and, therefore, it is not properly before us.

183.400(1), this court is the proper forum in which to challenge the rule's validity.

PNB asserts that ORS 756.580 confers jurisdiction on the circuit court, because it was aggrieved by PUC's adoption of Order No. 88-954.[3] ORS 756.580 provides, in pertinent part:

> "(1)  A party to any proceeding before the commission, when aggrieved by any findings of fact, conclusions of law or *order* * * * may prosecute a suit against the commission to modify, vacate or set aside such findings of fact, conclusions of law or *order*.

> "(2)  Such suit may be commenced by any party so aggrieved in the Circuit Court [of specific counties] * * * and jurisdiction of such suit is hereby conferred upon the circuit court of any such counties to hear and determine such suit." (Emphasis supplied.)

ORS 756.580 has no application to this proceeding, because Order No. 88-954 is not an "order" as defined in the APA. PNB also asserts that, even if Order No. 88-954 actually consists of rules as defined in ORS 183.310(8), the APA definition of order does not apply under ORS 756.580. It is incorrect. ORS 183.315(1).[4]

PNB asserts that, under ORS 183.400(1), this court does not have exclusive jurisdiction to consider challenges to the validity of agency rules. It relies on *Hay v. Dept. of Transportation,* 301 Or 129, 137, 719 P2d 860 (1986), in which the Supreme Court acknowledged that the statutory language of ORS 183.400(1) is not exclusive, because it provides that "the validity of any rule *may* be determined upon a petition by any person to the Court of Appeals." (Emphasis in original.)

*Hay* is inapposite. It concerned the question of whether the defendant agency had created a nuisance and had trespassed on plaintiffs' property. The answer depended on the validity of an administrative rule. If the rule was valid,

---

[3] The order states, in pertinent part, "IT IS THEREFORE ORDERED that OAR 860-27-052, attached to this order as Appendix 'A', is adopted."

[4] Although PUC is exempt from certain portions of the APA, ORS 183.315(1), the remainder of the APA applies to the agency. The definition of "order" contained in ORS 183.310(5)(a) applies to PUC.

there was no nuisance and no trespass. The Supreme Court concluded that, if determination of a matter properly before the circuit court requires a determination of the validity of a rule, that court may examine the rule. *Hay v. Dept. of Transportation, supra,* 301 Or at 138. Here, unlike in *Hay,* there is no separate civil action that places a rule's validity at issue. A direct challenge to a rule must be brought in this court under ORS 183.400. *Hay v. Dept. of Transportation, supra.*

PNB also argues that this court's jurisdiction under ORS 183.400(1) is not exclusive, because the rule challenge is included within the language of ORS 183.400(2), which provides that

"[t]he validity of any applicable rule may also be determined by a court, *upon review of an order in any manner provided by law* * * *.*" (Emphasis supplied.)

The term "order" in ORS 183.400(2) is governed by the definition of "order" under ORS 183.310(5)(a), because that definition applies to ORS 183.310 – ORS 183.550. ORS 183.310. Order No. 88-954 does not meet that definition. Therefore, plaintiffs' challenge does not fit within ORS 183.400(2).

The circuit court had no jurisdiction. In the light of our disposition of this case, we need not address PUC's other assignments of error.

Reversed and remanded with instructions to dismiss.