636 November 5, 2025 No. 960

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

MORGAN ALICIA JODEEN BARTON,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A183939

Submitted June 24, 2025; on respondent's motion to dismiss filed May 28, 2025, petitioner's response filed May 29, 2025, and respondent's reply filed June 5, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for petitioner.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Megan Mizuta, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Appeal dismissed as moot.

**TOOKEY, P. J.**

The Board of Parole and Post-Prison Supervision (the board) denied petitioner's release after a juvenile hearing under ORS 144.397. Petitioner then sought judicial review of the board's order in this court by filing a "Petition for Parole Review." *See* ORS 144.335(1) (providing, in part, that "[a] person over whom the State Board of Parole and Post-Prison Supervision exercises its jurisdiction may seek judicial review of a final order of the board as provided in this section if * * * [t]he person is adversely affected or aggrieved by a final order of the board"); *see also* ORAP 4.10 ("Judicial review of reviewable orders of the Board of Parole and Post-Prison Supervision, which shall be entitled 'Parole Review,' shall be in accordance with the rules for judicial review of orders of state agencies in contested cases and shall show the Board of Parole and Post-Prison Supervision as respondent.").

In particular, petitioner contends that "the board's finding that petitioner's parole plan was not adequate is not supported by substantial evidence and reason" and that "the board's finding regarding the psychologist's qualifications to conduct evaluations for the purposes of maturity and rehabilitation hearings was not supported by substantial evidence." *See Jacobs v. Board of Parole*, 342 Or App 41, 49, 577 P3d 338 (2025) ("We review the board's order for substantial evidence in the record. ORS 183.482(8). * * * The substantial-evidence standard requires that substantial evidence support the board's factual findings and that substantial reason support its conclusions[.]" (Internal quotation marks omitted.)). Petitioner also contends that "the board exceeded its rulemaking authority when it [adopted] OAR 255-033-0030(5)(d) and OAR 255-033-0030(5)(k)." *See* ORS 183.400(4) (providing, in part, that "[t]he court shall declare the rule invalid only if it finds that the rule * * * [e]xceeds the statutory authority of the agency").

We do not reach the merits of petitioner's assertions, however, because we dismiss petitioner's appeal as moot.

After briefing in this case was complete, the board filed a motion to dismiss this case as moot because petitioner

has been released from imprisonment, began a 140-month term of post-prison supervision, and is what the board's briefing refers to as "a guideline offender" whose release from imprisonment determines when her post-prison supervision begins and ends. *See Dept. of Human Services v. T. J. N.*, 371 Or 650, 656, 540 P3d 540 (2023) (explaining that, "generally speaking, a case becomes moot when a court's decision will no longer have a practical effect on the rights of the parties" (internal quotation marks and brackets omitted)).

In response, petitioner identified three purported "collateral consequences"—*i.e.* "probable adverse consequences"—of the challenged order that, in petitioner's view, prevent this case from being moot. *See State v. Hauskins*, 251 Or App 34, 36, 281 P3d 669 (2012) ("A collateral consequence for the purposes of mootness is a probable adverse consequence to the [non-moving party] as a result of the challenged action."). Those collateral consequences are that (1) "the board's order may impact petitioner's supervision conditions"; (2) the board's order "increases the social stigma of petitioner's convictions and incarceration and may reduce her opportunities for treatment, housing, and employment"; and (3) "[i]f petitioner chooses to file a civil suit based on her continued incarceration after the hearing, a decision in this case may have a practical effect on those proceedings."

Having considered the collateral consequences identified by petitioner, and the board's arguments in response, we agree with the board that the collateral consequences identified by petitioner are too speculative for petitioner's release to post-prison supervision not to render her arguments moot. That is, the board has met its burden to persuade us that, in this case, the board's order will not have practical effects on petitioner's rights. *Dept. of Human Services v. A. B.*, 362 Or 412, 430, 412 P3d 1169 (2018) (dismissing appeal where "the department has met its burden to persuade us that, in this case, the jurisdictional judgment will not have practical effects on mother's rights").

In particular, and as the board points out, petitioner has not pointed to any condition of post-prison supervision that was affected by the board's order; petitioner has not identified any current litigation in which a decision on

the board's order will have any effect; and we do not understand the board's order to have increased the social stigma which flowed from the fact of petitioner's convictions and attendant sentences for one count of first-degree unlawful sexual penetration, ORS 163.411 (Count 1), two counts of first-degree sodomy, ORS 163.405 (Counts 2, 8), two counts of first-degree sexual abuse, ORS 163.427 (Counts 3 and 7), two counts of using a child in a display of sexually explicit conduct, ORS 163.670 (Counts 4 and 5), and one count of first-degree rape, ORS 163.375 (Count 6).

Petitioner also contends that "even if this court determines that some aspects of petitioner's claims are moot, she maintains standing to challenge the validity of the board's rules [under ORS 183.400] and those particular claims are not moot." That is, petitioner contends that, "even if this court may not reach the rules' application to petitioner personally, this court should nonetheless conclude that she has standing to raise a facial challenge to the rules, which she has done."

ORS 183.400 provides, in pertinent part:

"(1)   The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases. The court shall have jurisdiction to review the validity of the rule whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question, but not when the petitioner is a party to an order or a contested case in which the validity of the rule may be determined by a court.

"(2)   The validity of any applicable rule may also be determined by a court, upon review of an order in any manner provided by law or pursuant to ORS 183.480 or upon enforcement of such rule or order in the manner provided by law."

We are unpersuaded by petitioner's argument. Regarding ORS 183.400(1), the difficulty with petitioner's position is that petitioner did not petition this court to determine the validity of a rule under ORS 183.400(1); rather, as noted, petitioner sought judicial review in this court of a final order of the board denying petitioner's release. *See*

*Pacific Northwest Bell Telephone Co. v. Eachus*, 107 Or App 539, 541-42, 813 P2d 46 (1991) (rejecting the argument that the court could consider a challenge that was not brought under ORS 183.400(1) "as if it were a petition under ORS 183.400(1)"). Nor does ORS 183.400(2) assist petitioner; her challenge to the board's order itself is moot, so we are not "review[ing the order] *** in any manner provided by law."[1]

If petitioner wishes to challenge validity of OAR 255-033-0030(5)(d) and OAR 255-033-0030(5)(k), she can do so by filing a petition with this court pursuant to ORS 183.400(1).

Appeal dismissed as moot.

---

[1] Petitioner also contends, pointing to ORS 14.175, that "the board order is one that is capable of repetition yet likely to evade review, and this court should exercise its discretion to [review] it." We decline to review this case on the basis of ORS 14.175; we are not persuaded that the challenges petitioner raises are likely to evade judicial review. *See, e.g.*, *Jacobs*, 342 Or App at 42 (considering whether OAR 255-033-0030(5)(k) was within the board's authority).