OREGON OCCUPATIONAL SAFETY
AND HEALTH DIVISION,
*Petitioner,*

*v.*

DON WHITAKER LOGGING, INC.,
*Respondent.*

(SH-91058; CA A76631)

862 P2d 526

Katherine H. Waldo, Assistant Attorney General, argued the cause for petitioner. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

George W. Goodman argued the cause for respondent. With him on the brief were Jerry K. Brown and Cummins, Brown, Goodman, Fish & Peterson, P.C.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

De Muniz, J., concurring.

## ROSSMAN, P. J.

The Oregon Occupational Safety and Health Division (OR-OSHA) seeks review of an order of a Workers' Compensation Board referee holding that a citation issued by OR-OSHA is invalid.

This is a case of first impression in which we are called upon to decide OR-OSHA's obligations with respect to notifying an employer of an investigation. Employer contends that it is entitled to notification and a presentation of the investigator's credentials before any investigation may begin. OR-OSHA contends that it may begin an off-premises investigation of an accident without first notifying the employer or presenting credentials.

The referee found that, on August 23, 1991, an OR-OSHA safety compliance officer (SCO) began an investigation of the circumstances of a logging accident that had occurred earlier that day on property being logged by employer. At the hospital, not on employer's premises, the SCO contacted and interviewed one or more of the employees involved in the accident. The referee found, further, that employer was not contacted by the SCO "for the purpose of presenting credentials" until the next day.

A citation was issued to employer as a result of the investigation. The referee held that, because the SCO had failed to show his credentials to employer before beginning his investigation, the investigation was commenced in violation of ORS 654.067[1] and, hence, the investigation and resulting citation were invalid.

---

[1] ORS 654.067 provides, in part:

"(1) In order to carry out the purposes of [the Oregon Safe Employment Act], the director, upon presenting appropriate credentials to the owner, employer or agent in charge, is authorized:

"(a) to enter without delay and at reasonable times any place of employment; and

"(b) to inspect and investigate during regular working hours and at other reasonable times, and within reasonable limits and in a reasonable manner, any such place of employment and all pertinent conditions, structures, machines, apparatus, devices, equipment and materials therein and to question privately the owner, employer, agents or employees.

"(2) No person shall give an owner, employer, agent or employee advance notice of any inspection to be conducted under [the Oregon Safe Employment Act] of any place of employment without authority from the director.

OR-OSHA contends that ORS 654.067 applies only in the context of an on-site inspection and investigation and does not require a showing of credentials before an off-premises investigation. Employer contends that ORS 654.067(1) defines the scope and extent of OR-OSHA's power to enter, inspect and investigate the place of employment, *and to question an employer or its employees,* and requires that the questioning of an employee be conducted only upon presentation of credentials to the owner, employer or agent in · charge.

We are persuaded that ORS 654.067 addresses only that aspect of the inspection or investigation that is made on the employer's premises. Subsection (1) discusses the director's right to enter, inspect and investigate the premises and question employees. Contrary to employer's suggestion, the reference in paragraph (1)(b) to questioning the "owner, employer, agents and employees," read in context, is intended to regulate questioning that takes place on the employer's premises, and does not restrict the SCO's authority to investigate off the premises.

Although there are administrative rules suggesting that a showing of credentials is a prerequisite to the inspection of a job site, OAR 437-01-055(2); OAR 437-01-075(4); OAR 437-01-080; there is no analogous rule or statute with respect to off-site investigations. Further, under ORS 654.062, the director has broad power to "make such inquiries, inspections and investigations as the director considers reasonable and appropriate." We will not impose limitations on the director's power to carry out its responsibilities under that statute beyond those imposed by the legislature. The evidence here supports only the finding that

"(3) Except in the case of an emergency, or of a place of employment open to the public, if the director is denied access to any place of employment for the purpose of an inspection and investigation, such inspection or investigation shall not be conducted without an inspection warrant obtained pursuant to ORS 654.202 to 654.216, or without such other authority as a court may grant in an appropriate civil proceeding. Nothing contained herein, however, is intended to affect the validity of a constitutionally authorized inspection conducted without an inspection warrant.

"(4) A representative of the employer and a representative authorized by the employees of the employer shall be given an opportunity to accompany the director during inspection of any place of employment for the purpose of aiding such inspection."

the SCO began his investigation on August 23 by interviewing employees off the job site, and that before inspecting the premises the next day he met with employer and presented his credentials. The Board erred in dismissing the citation.

Reversed and remanded.

**De MUNIZ, J.,** concurring.

I agree with the majority's result insofar as it holds that the Board erred in dismissing the citation. However, I write separately because I disagree with the majority's construction of ORS 654.067. The statute provides:

"(1)   In order to carry out the purposes of ORS 654.001 to 654.295 and 654.750 to 654.780 [the Oregon Safe Employment Act], the director, upon presenting appropriate credentials to the owner, employer or agent in charge, is authorized:

"(a)   To enter without delay and at reasonable times any place of employment; and

"(b)   To inspect and investigate during regular working hours and at other reasonable times, and within reasonable limits and in a reasonable manner, any such place of employment and all pertinent conditions, structures, machines, apparatus, devices, equipment and materials therein, and to question privately the owner, employer, agents or employees.

"(2)   No person shall give an owner, employer, agent or employee advance notice of any inspection to be conducted under ORS 654.001 to 654.295 and 654.750 and 654.780 of any place of employment without authority from the director.

"(3)   Except in the case of an emergency, or of a place of employment open to the public, if the director is denied access to any place of employment for the purpose of an inspection and investigation, such inspection or investigation shall not be conducted without an inspection warrant obtained pursuant to ORS 654.202 to 654.216, or without such other authority as a court may grant in an appropriate civil proceeding. Nothing contained herein, however, is intended to affect the validity of a constitutionally authorized inspection conducted without an inspection warrant.

"(4)   A representative of the employer and a representative authorized by the employees of the employer shall be given an opportunity to accompany the director during inspection of any place of employment for the purpose of

aiding such inspection. Where there is no employee representative, or the employee representative is not an employee of employer, the director should consult with a reasonable number of employees concerning matters of safety and health in the place of employment."

The majority characterizes the language of the statute as follows:

"Subsection (1) discusses the director's right to enter, inspect and investigate the premises and question employees. Contrary to employer's suggestion, the reference in paragraph (1)(b) to questioning the 'owner, employer, agents and employees,' read in context, is intended to regulate questioning that takes place on the employer's premises, and does not restrict the SCO's authority to investigate off the premises." 124 Or App at 249.

I disagree with that reading of the statute. In my view, the statute plainly requires the director to present credentials before questioning the owner, employer or employee in connection with an investigation. One obvious purpose of that specific requirement is to make sure that the person being questioned is fully aware of the status and authority of the questioner and of the official and serious nature of the inquiry. Nothing in the statute purports, in any fashion, to limit that requirement to questioning at the employer's premises, nor should it. The reason for requiring the director to present credentials is the same whether the inquiry occurs on the employer's premises or at some other location, such as a hospital. The majority is wrong to read the statute otherwise.

Nonetheless, the majority correctly concludes that the citation should not have been dismissed. Even in the criminal arena, the government's violation of a statute can give rise to suppression only where the statute expressly requires that remedy or "if the law violated was 'designed to protect citizens against unauthorized or illegal [conduct by the government.]' " *State v. Trenary*, 316 Or 172, 176, 850 P2d 356 (1993) (citing *State v. Davis*, 295 Or 227, 237, 666 P2d 802 (1983). Nothing in ORS 654.067 or other pertinent statutes requires, or even hints, that, in this civil context, a citation should be dismissed because there was not strict compliance with the credential presentment required by ORS 654.067.

The manifest purpose of the Oregon Safe Employment Act (the Act) is "to assure as far as possible safe and healthful working conditions for every working man and woman in Oregon." ORS 654.003. Dismissing a valid citation frustrates that purpose. In the absence of an expressed legislative intent to immunize violations of the Act on the basis of procedural irregularities, and in the absence of substantial prejudice to the employer, there is no justification for dismissing the citation.[1]

---

[1] Federal OSHA statutes and administrative rules contain similar requirements for the presentation of credentials. There is virtual unanimity in the federal circuits that, in the absence of prejudice to the employer, an OSHA violation of the credentials requirement does not justify dismissal of the OSHA citation. *See, e.g., Marshall v. C. F. & I. Steel Corp.*, 576 F2d 809, 813-14 (10th Cir 1978); *Marshall v. Western Waterproofing Co., Inc.*, 560 F2d 947, 952 (8th Cir 1977); *Hoffman Construction Co. v. OSHRC*, 546 F2d 281, 282-83 (9th Cir 1976); *Hartwell Excavating Co. v. Dunlop*, 537 F2d 1071, 1073 (9th Cir 1976); *Chicago Bridge & Iron Co. v. OSHRC*, 535 F2d 371, 377 (7th Cir 1976); *Accu-Namics, Inc. v. OSHRC*, 515 F2d 828, 833 (5th Cir 1975), *cert den* 425 US 903.