Argued and submitted February 27, reversed and remanded October 21, 1998

## OREGON OCCUPATIONAL SAFETY & HEALTH DIVISION,
*Petitioner,*

*v.*

## ESLINGER LOGGING, INC.,
*Respondent.*

(SH-94009; CA A92225)

967 P2d 889

Stephanie L. Striffler, Assistant Attorney General, argued the cause for petitioner. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Elliott C. Cummins argued the cause for respondent. With him on the brief were George W. Goodman and Cummins, Goodman, Fish & Peterson, P.C.

Before Warren, Presiding Judge, and Edmonds, Judge, and Buttler, Senior Judge.

WARREN, P. J.

## WARREN, P. J.

The Oregon Occupational Safety and Health Division (OR-OSHA) seeks review of a final order of the Workers' Compensation Board[1] dismissing several citations for safety violations arising from a fatal work accident. The Board excluded most of OR-OSHA's evidence as a sanction for its alleged violations of several statutes and rules in the course of investigating the accident. It then dismissed the citations because the remaining evidence was insufficient for OR-OSHA to proceed. We reverse and remand.

The accident occurred during a logging operation on the southwest Oregon coast. Defendant had a crew of five operating various equipment on a landing at the top of a ridge in the area that it was logging. When the shovel operator attempted to loosen a root wad from the shovel's tracks, the machine began to slide on the wet red clay. It eventually slid down the ridge, turning over four times and killing the operator. Upon learning of the accident, OR-OSHA sent two officials to the site; they arrived at different times on the afternoon of the accident. The first to arrive conducted an opening interview with defendant's owner. Because the four surviving crew members were upset and not ready to talk, at the owner's request the official allowed them to leave. The OR-OSHA officials made only a cursory examination of the site on the day of the accident.

Before conducting a more thorough examination of the site the next day, the OR-OSHA officials offered the employees the opportunity to go with them to inspect the shovel where it lay at the bottom of the ridge. No employee was interested in doing so. They did not ask the employees to select a representative to participate in the inspection; OR-OSHA does not routinely do so when there is neither a union nor an established plant safety committee, a situation in which there is usually no previously designated representative. The officials and the owner then examined the site of the accident. The officials thereafter interviewed the employees, not permitting the owner to be present. At the conclusion of

---

[1] In accordance with ORS 654.290(2)(b), the decision of the administrative law judge functions as the final order of the Board.

the investigation, OR-OSHA issued the citations that defendant disputes.

The Board held that OR-OSHA violated two separate requirements in conducting the investigation and that those violations required the exclusion of the evidence that it obtained. We consider each requirement in turn.

The first requirement is in ORS 654.067(4), which provides:

> "A representative of the employer and a representative authorized by the employees of the employer shall be given an opportunity to accompany the director during the inspection of any place of employment for the purpose of aiding such inspection. Where there is no employee representative, or the employee representative is not an employee of the employer, the director should consult with a reasonable number of employees concerning matters of safety and health in the place of employment."

OAR 437-01-085[2] restates the right of an employee representative to accompany a compliance officer during an inspection and the duty of a compliance officer to interview a reasonable number of employees, if possible, when there is no employee representative. Defendant sought exclusion of the evidence discovered in the inspection on the ground that the OR-OSHA officials did not ask the employees to choose a representative.

■ We first mention an issue that OR-OSHA raised at the hearing before the Board but does not emphasize on review. OR-OSHA issued these citations against *defendant*, not against the employees. Defendant does not assert that the failure to have an employee representative participate in the inspection violated *defendant's* rights or otherwise prejudiced it. Defendant did participate in the on-site inspection.[3] There is no obvious reason that a violation of the *employees'* rights should affect OR-OSHA's ability to use the evidence

---

[2] The rule has since been renumbered as OAR 437-001-0085.

[3] This case, thus, is different from *Oregon Occupational Safety v. Ostlie,* 136 Or App 284, 902 P2d 580 (1995), in which OR-OSHA conducted much of its investigation in the absence of the employer, and in which we held that exclusion of the evidence could be an appropriate remedy for the violation of the *employer's* rights.

that it uncovered against the *employer*. An employee representative has the opportunity to participate in order to protect the employees' statutory rights, thus furthering the purpose of the Oregon Safe Employment Act "to assure as far as possible safe and healthful working conditions for every working man and woman in Oregon[.]" ORS 654.003. Allowing the employer to assert a violation of the employees' rights as a shield for the employer against a citation for safety violations that may have put the employees at risk of injury contradicts the purpose of the statute.

**2.** The Board gave the following explanation for allowing an employer to use a violation of the employees' rights to benefit the employer:

> "[T]he purpose of an employee representative is not only to represent the interests of the employees but also to aid in the inspection, which benefits both employer and employees and also the system insofar as a determination of whether violations have in fact probably occurred that justify the issuance of a citation. Citations based on the most complete information reasonably possible serve everyone's interest because they discourage time-consuming and costly appeals and the development of cynicism and hostility among both employers and employees."

Whatever the validity of that reasoning in explaining why an employee representative should be able to participate in an OR-OSHA inspection, it has nothing to do with excluding evidence against the employer, at least when, as here, any violation of the employees' rights did not affect the employer's ability to defend against the citations. Even if defendant could show that the absence of an employee representative somehow reduced the reliability of the evidence that the investigation uncovered, that is not a ground for absolute exclusion, especially in light of the broad grounds for admissibility in an administrative hearing. ORS 183.450(1).[4]

However, OR-OSHA does not insist on this point on review, and we do not rest our decision on it. Rather, we hold that OR-OSHA complied with the requirements of the law

---

[4] The Board's explanation appears to reflect the kind of hostility toward the OR-OSHA process that, it asserts, employee participation is designed to avoid.

and that the Board should not have excluded the evidence on this ground.

The statute and rule require that, if there is an employee representative, he or she must have an opportunity to accompany the OR-OSHA officials on their inspection. When there is no employee representative, the officials are to interview a reasonable number of employees. Nothing in those provisions requires the officials to designate an employee representative, or to ask the workers to do so, when one does not already exist. The only authority on which defendant or the Board relies for that proposition is a statement in the OR-OSHA Field Compliance Manual that OR-OSHA inspectors, in situations where there is no existing employee representative, should "determine if any other employees would suitably represent the interests of employees on the walkaround."

■ On its face, the manual does not interpret the law. Rather, it is a management directive telling OR-OSHA employees how to do their jobs. The manual does not in itself have any legal effect. The introduction to the manual makes that point clear, explaining that the purpose of the manual is "to provide instructions regarding the internal operations" of OR-OSHA and that it "is solely for the benefit of the state government." The introduction states that "[n]o duties, rights, or benefits, substantive or procedural, are created or implied by this manual." In short, the manual is an internal management directive that is exempt from rulemaking procedures because it does not have the force of law. *See* ORS 183.310(8)(a); *Rogue Flyfishers v. Water Policy Review Bd.*, 62 Or App 412, 660 P2d 1089 (1983). The manual does not, and cannot, establish an authoritative interpretation of the statutes that binds OR-OSHA. Whether or not the OR-OSHA officials followed this internal directive is irrelevant to whether they complied with the legal requirements for their inspection.

■ The OR-OSHA officials complied with the applicable legal requirements. There was no previously chosen employee representative, and they had no legal obligation to ask the employees to choose a representative. Rather, they followed the alternative procedure that the statute and

administrative rule provide and interviewed all of the employees. They also offered all employees an opportunity to participate in the inspection.[5] Their actions provide no basis for the Board to exclude the evidence, even if it was otherwise within the Board's authority to do so.

■ The Board also held that the OR-OSHA officials' refusal to permit defendant to have a representative present when they interviewed the employees in itself required excluding the evidence. The officials acted under the authority of ORS 654.067(1)(b), which authorizes them to "question privately the owner, employer, agents or employees." Defendant argues that that provision is inconsistent with ORS 654.293, which the legislature enacted two years after it adopted ORS 654.067:

> "Neither ORS 9.320 nor any provision in the Oregon Safe Employment Act shall be construed to deny an employer the right to be represented by an attorney or any other authorized representative designated by the employer in any proceedings under ORS 654.001 to 654.295 and 654.750 to 654.780."

One effect of this statute is to permit a person other than an attorney to represent a corporate employer in an administrative hearing under ORS chapter 654, something that ORS 9.320 would otherwise prohibit. Defendant argues that the statute also gives the employer the right to be present at all aspects of an OR-OSHA inspection. It bases that argument on the statutory reference to "any provision in the Oregon Safe Employment Act," which would be unnecessary simply to permit lay representation at a hearing, and on a broad definition of "proceedings" to include any investigation under the authority of ORS chapter 654. As a result, defendant says, ORS 654.293 overrides ORS 654.067(1)(b) and prohibits private interviews with employees.

---

[5] Even if the OR-OSHA officials had a legal duty to give the employees an opportunity to choose a representative, they substantially complied with that requirement by giving all four employees involved an opportunity to participate in the inspection. Defendant has not shown that their actions substantially prejudiced it, and any violation, thus, does not justify excluding the evidence. *Ostlie*, 136 Or App at 292.

■ ■   The authority to conduct private interviews with employees plays a major role in enforcing the Oregon Safe Employment Act and thus in protecting worker safety. In a private interview an employee may speak freely without fear of employer retaliation, making the employee's statements more reliable and the discovery of safety violations more likely. The legislature expressly gave OR-OSHA that authority when it adopted ORS 654.067(1)(b). If defendant is correct, the legislature changed its mind only two years later and took away this important enforcement tool without even referring to it. We do not readily conclude that the legislature has impliedly repealed an existing statute. *See State v. Guzek*, 322 Or 245, 266, 906 P2d 272 (1995). Rather, we attempt to determine whether the two statutes can operate consistently with each other. A claim that a later statute has superseded an earlier one "depends on some persuasive evidence that the legislature meant the new statute to prevail over an unrepealed (and perhaps unnoticed) one." *Harris v. Craig*, 299 Or 12, 16 n 1, 697 P2d 189 (1985).

An essential part of defendant's argument is that "proceedings," as used in ORS 654.293, refers to inspections and investigations as well as to judicial or administrative hearings. If "proceedings" does not have that meaning, the statutes are not inconsistent, because ORS 654.293 does not otherwise give employers the right to participate in investigatory interviews. The relevant dictionary definition of "proceeding" is "the course of procedure in a judicial action or in a suit in litigation." *Webster's Third Int'l Dictionary*, 1807 (unabridged ed 1993). That definition is consistent with the way that ORS chapter 654 generally uses the word. ORS 654.025(3)(c) refers to a "citation and proceeding" that results from the facts that OR-OSHA discovers. ORS 654.025(4) provides OR-OSHA authority to subpoena witnesses, administer oaths, and take other action "in any inquiry, investigation, hearing or proceeding" in any part of the state. ORS 654.120(1) provides for maintaining records of "all inspections, investigations, employee complaints, employer reports, citations, hearings, proceedings" and other necessary matters. ORS 654.130(1) provides for circuit court enforcement of

OR-OSHA's authority in the county in which the "inquiry, investigation, hearing or other proceeding is pending."

Except for the reference to "inquiry, investigation, hearing or other proceeding" in ORS 654.130(1), which might be read to suggest that an inquiry or investigation is a proceeding, each of those references unequivocally treats a "proceeding" as distinct from an investigation. Even that reference is at best equivocal, in part because it concerns judicial enforcement of subpoenas, which occurs only when an investigation has reached a stage of formality that the investigation had not reached in this case, and in part because the reference to "other proceeding" may relate only to a "hearing," the immediately proceeding term, rather than to all of the terms in the list. We do not need to resolve that issue, because the most that defendant can show is that it is possible to read the statute as using "proceeding" to refer to an investigation or inspection. The normal meaning of the term, the other uses of the word in chapter 654, the primary purpose of ORS 654.293, and the express provision for private interviews in ORS 654.067(1)(b) strongly suggest that "proceeding" is limited to a formal administrative hearing or similar proceeding. If it were not for the statutory reference to the Oregon Safe Employment Act as well as to ORS 9.320, which might suggest a broader meaning for "proceeding," we would say that that is what the term unambiguously means.

■ Because "proceeding" in ORS 654.293 may be ambiguous, we turn to the legislative history of the statute. Defendant does not seriously dispute that that history shows that the legislature's sole purpose in adopting the statute was to make it easier for small corporations to appeal safety violations by allowing them to do so without the expense of hiring an attorney, which could be more expensive than paying the civil penalty. Associated Oregon Industries proposed and, apparently, wrote the bill, which the legislature adopted without amendment. Nothing in the legislative history suggests that the sponsor or the legislature intended the reference to the Oregon Safe Employment Act to extend the law's scope beyond formal adjudicative hearings, nor is there any suggestion that it would allow employers to participate in

investigatory interviews with employees. There is no inconsistency between ORS 654.293 and the authority in ORS 654.067(1)(b) to conduct private employee interviews.[6]

The rules that OR-OSHA employees investigate and enforce are designed to protect the state's workers from unnecessary injury and death. Hearings on alleged violations of those rules should focus on the merits of the allegations rather than on attempts to find minor flaws in OR-OSHA's investigation. The primary purpose of the hearing is to examine the conduct of the employer, not of OR-OSHA. We reverse and remand so that the Board may determine the merits of the citations.

Reversed and remanded.

---

[6] Defendant argues, finally, that employees have the right to determine whether to have an employer representative present for an interview. Nothing in the statute supports that argument, and we reject it.