Argued and submitted July 1, 1999, reversed and remanded with instructions
January 19, 2000

## NYGAARD LOGGING COMPANY, INC.,
an Oregon corporation,
*Respondent,*

*v.*

## State of Oregon,
acting by and through the
Department of Consumer and Business Services,
DIVISION OF OCCUPATIONAL SAFETY AND HEALTH,
*Appellant.*

(97C-10448; CA A98942)

995 P2d 589

Jas. Jeffrey Adams, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Elliott C. Cummins argued the cause for respondent. With him on the brief was Cummins, Goodman, Fish & Platt, P.C.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

HASELTON, J.

## HASELTON, J.

This case arises from an Oregon Occupational Safety and Health Division (OR-OSHA) investigation of an accident that occurred in August 1996 at a work site operated by petitioner, Nygaard Logging Company, Inc. OR-OSHA appeals from the trial court's issuance of a permanent injunction prohibiting OR-OSHA from (1) conducting informal interviews of petitioner's employees pursuant to ORS 654.067(1)(b) without an "employer representative" present; and (2) subpoenaing petitioner's employees for depositions pursuant to ORS 654.025(4) without an "employer representative" present. We conclude that, given our interpretation of ORS 654.293 in *OR-OSHA v. Eslinger Logging, Inc.*, 156 Or App 519, 967 P2d 889 (1998), *rev den* 328 Or 418 (1999), the trial court erred in both respects. Accordingly, we reverse the trial court's judgment and award of attorney fees.

The material facts are undisputed. In August 1996, an accident occurred at one of petitioner's work sites in Clatsop County. OR-OSHA, the state agency charged with enforcing the Oregon Safe Employment Act, ORS 654.001 *et seq.*, immediately commenced an investigation of the accident. Petitioner retained Gerald Ripka, a private contractor, to serve as its "employer representative" in all matters regarding the accident. As part of its investigation, OR-OSHA sought to interview several of petitioner's employees outside of the presence of the employer representative, but the employees refused to talk informally with OR-OSHA without Ripka present.[1] Consequently, OR-OSHA was unable to conduct private informal interviews of petitioner's employees. Several months later, in another effort to interview petitioner's employees without Ripka present, OR-OSHA subpoenaed several of petitioner's employees to appear in Portland for depositions.

---

[1] It is unclear whether the employees' refusal to talk to OR-OSHA without Ripka present was a direct result of pressure from petitioner. Ripka testified that, at the beginning of the investigation, he informed petitioner's employees that petitioner had asked him to be present during all OR-OSHA interviews of petitioner's employees, and that he himself wanted to be present during their interviews, but that it was their "free choice."

Petitioner sought, in Marion County Circuit Court, to quash the subpoenas and for a temporary restraining order and permanent injunction prohibiting OR-OSHA from informally interviewing employees without an employer representative present and from exercising its subpoena power under ORS 654.025(4) to exclude an employer representative from investigative proceedings. Petitioner's arguments in support of the injunction were based on the following statutory provisions governing OR-OSHA investigations:

ORS 654.067(1)(b) authorizes OR-OSHA

"To inspect and investigate during regular working hours and at other reasonable times, and within reasonable limits and in a reasonable manner, any such place of employment and * * * *to question privately the owner, employer, agents or employees.*" (Emphasis added.)

ORS 654.025(4) relates to OR-OSHA's authority to subpoena witnesses:

"The board and the director may subpoena witnesses, administer oaths, take depositions and fix the fees and mileage of witnesses and compel the attendance of witnesses * * * *in any inquiry, investigation, hearing or proceeding* in any part of the state * * *." (Emphasis added.)

ORS 654.293 describes an employer's right to representation:

"Neither ORS 9.320 nor any provision in the Oregon Safe Employment Act shall be construed to deny an employer the right to be represented by an attorney or other authorized representative designated by the employer in any *proceedings* under ORS 654.001 to 654.295 and 654.750 to 654.780." (Emphasis added.)

Petitioner's arguments in support of the permanent injunction were two-fold. First, petitioner argued that ORS 654.067(1)(b) prohibited OR-OSHA from excluding an employer representative from an informal employee interview when the employee requested that the employer representative be present. Second, petitioner argued that OR-OSHA was prohibited from excluding employer's representative from depositions pursuant to OR-OSHA's subpoena

authority, ORS 654.025(4), because any such deposition was a formal "proceeding" within the meaning of ORS 654.293.

During the one-day trial before the circuit court, petitioner offered the following provision of the "Oregon OSHA Field Inspection Reference Manual" (FIRM) as proof of the meaning of ORS 654.067(1)(b):

"(4) *Privacy*. At the time of the interview, employees shall be asked if they desire the interview to be in private. Whenever an employee expresses a preference that an interview be held in private, the SCO/HCO shall make a reasonable effort to honor that request. Any employer objection to private interviews with employees shall be construed as a refusal to entry and handled as such.

"NOTE: 'In private' refers to the exclusion of the employer representative, not the employee representative unless the employee expresses a desire to be interviewed out of hearing of both the employer and the employee representatives."

Petitioner also called several OR-OSHA employees as witnesses. The administrator of OR-OSHA testified, as did other OR-OSHA employees, that the FIRM was a "guideline * * * as to how to conduct inspections" that should be followed by field personnel "absent a good reason not to." According to petitioner, the FIRM provision was an agency rule requiring that OR-OSHA, in exercising its authority to "question privately" employees under ORS 654.067(1)(b), permit the *employees* to decide whether or not the employer representative is present during an interview. In other words, petitioner argued, if an employee requested that the employer representative be present during an informal interview, then the FIRM provision required OR-OSHA to honor that request.

The same OR-OSHA employees also testified that, in their experience, the presence of an employer representative during an investigative interview tended to distort the facts obtained from the employee. The OR-OSHA official in charge of investigating the accident at petitioner's work site testified that OR-OSHA decided to issue subpoenas to obtain private interviews with petitioner's employees so that the employee witnesses would have the opportunity to respond to

questions "in an open and candid manner" without being "monitored" by the employer.

After the trial, the circuit court issued its ruling for petitioner in a thoughtful and thorough letter opinion. With respect to petitioner's argument that OR-OSHA was prohibited from excluding employer representatives from informal interviews conducted pursuant to ORS 654.067(1)(b), the court explained:

"ORS 654.067(1)(b) provides that upon proper notice and identification, the director is authorized to 'inspect and investigate during regular working hours and at other reasonable times, and within reasonable limits and in a reasonable manner' . . . and also 'to *question privately* the owner, employer, agents or employees.'

"There are no formal administrative rules which really help very much to clarify the intended meaning of 'question privately.' However, there are some relatively contemporaneous agency internal guidelines which have been promulgated as the 'Oregon OSHA Field Inspection Reference Manual,' (FIRM), and which do shed considerable light on this issue.

"* * * * *

"It is apparent from the agency's own field manual that the option for private interviews was originally intended to protect employees and was to be available at their option. Where, as here, the employees have not requested private interviews, but have expressly asked for the presence of the employer's representative, the agency has no statutory basis to exclude the employer's representative from the interview." (Emphasis in original.)

With respect to petitioner's second, alternative argument—*i.e.*, that, under ORS 654.293, the employer representative was entitled to be present at any employee deposition conducted pursuant to an OR-OSHA subpoena—the court concluded:

"Petitioner also complains of the Respondent agency's use of subpoenas to compel attendance for field inspection interviews at inconvenient times and places, and seeks an injunction to prevent further abuse of the agency's subpoena powers.

"* * * * *

"[I]t would not appear from the language of the statute which authorizes an agency subpoena that such subpoenas were ever intended to be used for informal field 'inspections' or 'investigations.' ORS 654.025(4) allows the agency 'to subpoena witnesses, administer oaths, take depositions and fix the fees and mileage of witnesses and compel the attendance of witnesses . . . and testimony in any inquiry, investigation, hearing or proceeding . . .' It appears from this language that only for formal proceedings where 'witnesses' give testimony under oath is a subpoena authorized.

"Moreover, in the future, should the agency wish to conduct a formal investigatory hearing or proceeding where witnesses may be subpoenaed to testify under oath, then it would appear that the agency would have no choice but to afford to the employer and/or its employer representative the opportunity to attend such a formal 'proceeding' in full accordance with ORS 654.293.

"It follows from the above that the agency has not acted in a manner which had any reasonable basis in fact or in law in this case."

Based on the above reasoning, the circuit court permanently enjoined OR-OSHA from:

"(i)   Excluding an employer or an employer's representative from any interviews of an employer's employees conducted pursuant to ORS 654.067(1), unless the subject employee requests that the interview be conducted in private.

"(ii)   Exercising its subpoena power under ORS 654.025(4) in the context of any inspection and investigation under ORS 654.067(1) other than for purposes of conducting depositions.

"(iii)   Excluding an employer, or an employer's representative, from any investigatory proceedings where witnesses have been subpoenaed thereto pursuant to ORS 654.025(4), and from conducting such proceedings without first affording the employer and/or its representative a reasonable opportunity to attend such proceeding."

The court also awarded attorney fees against OR-OSHA, concluding that it had acted without a reasonable basis in fact or

in law. ORS 183.497; ORS 182.090. OR-OSHA appeals from that judgment, assigning error both to the permanent injunction and to the award of attorney fees against OR-OSHA.

■ We turn first to consider whether the trial court erred in enjoining OR-OSHA from excluding employer representatives both from informal interviews pursuant to ORS 654.067(1)(b) and from depositions pursuant to OR-OSHA's subpoena authority under ORS 654.025(4). We review the trial court's issuance of a permanent injunction *de novo*, ORS 19.415(3), and for errors of law. *Trabosh v. Washington County*, 140 Or App 159, 163 n 6, 915 P2d 1011 (1996).

As amplified below, our disposition is driven largely by *Eslinger*, which we decided after the circuit court entered its judgment. We thus begin by recounting our holding in *Eslinger*. There, OR-OSHA issued several citations to the employer for safety violations arising from a fatal logging accident. *Eslinger*, 156 Or App at 521-22. At the subsequent contested case hearing on those citations, the Workers' Compensation Board excluded most of OR-OSHA's evidence as a sanction for OR-OSHA's alleged violations of two separate statutory requirements governing its investigations.

First, the Board concluded that OR-OSHA violated ORS 654.067(4) when it failed to ask the employees to choose someone to act as their representative. *Id.* at 522. In reaching that conclusion, the Board relied not on the statutory language of ORS 654.067(4),[2] but on a statement in the OR-OSHA Field Compliance Manual (FCM)—the predecessor equivalent of the FIRM whose significance is disputed here—that "OR-OSHA inspectors, in situations where there is no existing employee representative, should 'determine if any other employees would suitably represent the interests of employees on the walkaround.' " *Id.* at 524 (quoting FCM).

---

[2] ORS 654.067(4) provides:

"A representative of the employer and a representative authorized by the employees of the employer shall be given an opportunity to accompany the director during the inspection of any place of employment for the purpose of aiding such inspection. Where there is not an employee representative, or the employee representative is not an employee of the employer, the director should consult with a reasonable number of employees concerning matters of safety and health in the place of employment."

On appeal, we reversed, concluding that ORS 654.067(4) does *not* require OR-OSHA to ask the employees to choose a representative and that the statement in the FCM was *not* binding:

> "On its face, the manual does not interpret the law. Rather, it is * * * an internal management directive that is exempt from rulemaking procedures because it does not have the force of law. The manual does not, and cannot, establish an authoritative interpretation of the statutes that bind OR-OSHA. Whether or not OR-OSHA officials followed this internal directive is irrelevant to whether they complied with the legal requirements for their inspection.

> "The OR-OSHA officials complied with the applicable legal requirements. There was no previously chosen employee representative, and they had no legal obligation to ask the employees to choose a representative." *Id.* (citations omitted).

Second, the Board concluded that OR-OSHA violated ORS 654.293 by refusing to permit the employer to have a representative present when they informally interviewed its employees pursuant to ORS 654.067(1)(b). *Id.* at 525. Adopting the Board's reasoning, the employer in *Eslinger* argued that the term " 'proceedings,' as used in ORS 654.293, refers to inspections and investigations as well as to judicial or administrative hearings." *Id.* at 526. After examining the plain meaning of "proceeding," the use of the term "proceeding" throughout ORS chapter 654, and the legislative history of ORS 654.293, we rejected that argument:

> "The normal meaning of the term, the other uses of the word in chapter 654, the primary purpose of ORS 654.293, and the express provision for private interviews in ORS 654.067(1)(b) strongly suggest that 'proceeding' is limited to a *formal administrative hearing or similar proceeding*. If it were not for the statutory reference to the Oregon Safe Employment Act as well as to ORS 9.320, which might suggest a broader meaning for 'proceeding,' we would say that that is what the term unambiguously means.

> "Because 'proceeding' in ORS 654.293 may be ambiguous, we turn to the legislative history of the statute. * * * Nothing in the legislative history suggests that the sponsor or the legislature intended the reference to the Oregon Safe

Employment Act to extend the law's scope beyond *formal adjudicative hearings*, nor is there any suggestion that it would allow employers to participate in investigatory interviews with employees. There is no inconsistency between ORS 654.293 and the authority in ORS 654.071(1)(b) to conduct private employee interviews.[6]

---

"[6] Defendant argues, finally, that employees have the right to determine whether to have an employer representative present for an interview. Nothing in the statute supports that argument, and we reject it." *Id.* at 527-28 (emphasis added).

Because we decided *Eslinger* after the trial court's decision here, and before oral argument, the parties' fundamental dispute on appeal involves what *Eslinger* did or did not decide—and, by extension, to what extent *Eslinger* is dispositive.

With respect to the first aspect of the injunction, which prohibits OR-OSHA from excluding an employer representative from an informal employee interview pursuant to ORS 654.067(1)(b), petitioner argues that *Eslinger* is not controlling. In particular, petitioner contends that the FIRM provision addressing "privacy" in employee interviews, *see* 165 Or App at 94, requires OR-OSHA to honor the employees' wishes with regard to the absence or presence of the employer representative during informal interviews. Petitioner further contends that the FIRM provision is a rule, not an "internal directive" as in *Eslinger*, and is therefore binding. Consequently, petitioner argues, *Eslinger*'s interpretation of ORS 654.067(1)(b) is wrong, and that statute, as construed by authoritative agency "rule," *does* prohibit OR-OSHA from excluding an employer from informal interviews when the employee has requested the employer representative's presence.

OR-OSHA responds that *Eslinger* stands for at least two propositions that require reversal of the trial court's injunction: (1) OR-OSHA's field compliance manual is an internal management directive that does not have the force of law; and (2) employees do not have the right to determine

whether to have an employer present for an interview. We agree with OR-OSHA.

■ Our holding in *Eslinger* as to the effect of the manual was explicit: "[T]he manual is an internal management directive that * * * does not, and cannot, establish an authoritative interpretation of the statutes that binds OR-OSHA." 156 Or App at 524. Petitioner advances a number of arguments as to why that conclusion does not apply here. We have examined those arguments and reject them without discussion. Thus, *Eslinger* is controlling: ORS 654.067(1)(b) authorizes OR-OSHA to conduct informal interviews with employees without an employer representative present, even if the employees want the employer representative present, *id.* at 528 n 6, because such interviews are not "proceedings" within the meaning of ORS 654.293. *Id.* at 527. The trial court erred in enjoining OR-OSHA from conducting informal interviews of employees without the employer representative present.

■ That conclusion does not, however, end our inquiry. The trial court also enjoined OR-OSHA from "excluding an employer, or an employer representative, from any investigatory proceedings where witness(es) have been subpoenaed thereto pursuant to ORS 654.025(4) * * *." On appeal, the parties agree that *Eslinger* did not squarely address whether, pursuant to its authority under ORS 654.025(4), OR-OSHA can compel employees to attend and give testimony at depositions excluding the employer representative.

ORS 654.025 provides, in part:

"(4) The board and the director may subpoena witnesses, administer oaths, take depositions and fix the fees and mileage of witnesses and compel the attendance of witnesses * * * *in any inquiry, investigation, hearing or proceeding* in any part of the state * * *." (Emphasis added.)

The gist of OR-OSHA's argument is as follows: (1) *Eslinger* stands for the proposition that "inquiries" and "investigations" are not "proceedings" within the meaning of ORS 654.293. (2) The disjunctive phrasing of ORS 654.025(4) clearly authorizes OR-OSHA to subpoena witnesses and take depositions not only at "hearings" and "proceedings," but also in the course of "inquiries" and "investigations." (3) Under

*Eslinger*'s definition of "proceedings," depositions conducted in the course of "inquiries" and "investigations" are not "proceedings" within the meaning of ORS 654.293. (4) ORS 654.293 therefore does not entitle employers and employer representatives to participate in any such "investigative" deposition or inquiry.

Petitioner responds that the nature of OR-OSHA's subpoena power under ORS 654.025(4) can be understood only when that statute is read in conjunction with ORS 654.130(1), which provides for circuit court enforcement of OR-OSHA's subpoena authority in the county in which the "inquiry, investigation, hearing *or other proceeding* is pending." ORS 654.130(1) (emphasis added). Petitioner points to the highlighted statutory language as proof that the legislature considered "inquiries, investigations and hearings" resulting from subpoenas to be "proceedings." Thus, petitioner argues, "inquiries, investigations and hearings" pursuant to OR-OSHA's subpoena authority under ORS 654.025(4) and ORS 654.130(1), are "proceedings" from which employer representatives may not be excluded. *See* ORS 654.293. For the reasons that follow, we disagree.

*First*, petitioner is incorrect that ORS 654.025(4) can be understood only when read in conjunction with ORS 654.130(1). ORS 654.025(4) expressly grants OR-OSHA the authority to subpoena witnesses in "any inquiry, investigation, hearing or proceeding." The disjunctive "or" distinguishes an "inquiry" and "investigation" from a "hearing" or "proceeding"—that is, the former is not the latter. ORS 654.130(1), by its terms, relates only to judicial enforcement of subpoenas[3] and does not alter OR-OSHA's explicit subpoena authority under ORS 654.025(4). *See Eslinger*, 156 Or App at 527.

---

[3] ORS 654.130(1) provides:

"The Director of the Department of Consumer and Business Services or the Workers' Compensation Board, or the authorized representative or designee of the director or board before whom testimony is to be given or produced, in case of the refusal of any witness to attend or testify or produce any papers as required by subpoena, may report to the circuit court in the county in which the inquiry, investigation, hearing or other proceeding is pending, by petitioner setting forth that due notice has been given of the time and place of attendance of the witness, or the production of the papers, and that the witness has been subpoenaed in the manner prescribed and that the witness has failed

*Second,* in *Eslinger,* we unequivocally concluded that the term "proceedings" in ORS 654.293 refers to "formal adjudicative hearings," and does not include investigations. 156 Or App at 527-28 *quoted* herein at 165 Or App at 98-99. Consequently, we agree with OR-OSHA that when, as in this case, it issues subpoenas in the context of an "investigation," not a "proceeding"—*i.e.,* a "formal adjudicative hearing," *id.* at 527—the employer representative has no entitlement to be present under ORS 654.293.

The trial court thus erred in enjoining OR-OSHA from subpoenaing witnesses for *investigative* depositions pursuant to ORS 654.025(4) and in enjoining OR-OSHA from excluding employer representatives from any such depositions.

We turn finally to OR-OSHA's second assignment of error, challenging the trial court's attorney fee award. At trial, petitioner argued that it was entitled to attorney fees under ORS 182.090 and 183.497 because OR-OSHA acted "without a reasonable basis in fact or in law." The trial court agreed with petitioner that OR-OSHA had acted "without a reasonable basis in fact or law," reasoning that "no reasonable interpretation of the relevant statutes and administrative rules" would be "consistent with [OR-OSHA's] conduct in this case." *Eslinger* obviates that conclusion. Accordingly, we reverse the award of attorney fees to petitioner.

Reversed and remanded with instructions to enter judgment for OR-OSHA; award of attorney fees reversed.

and refused to attend or produce the papers required by the subpoena or has refused to answer questions propounded to the witness in the course of such proceeding, and ask an order of the court to compel the witness to attend and testify or produce said papers."