Argued and submitted October 2, reversed November 22, 2000

G. W. PAULSON CO.,
*Plaintiff,*

*v.*

Kevin M. GRADY
and Michelle R. Grady,
husband and wife;
Associates Financial Services Company of Oregon, Inc.,
an Oregon corporation;
Portland Mortgage Company,
an Oregon corporation;
Fleet Mortgage Corp.,
a South Carolina corporation;
Principal Residential Mortgage, Inc.,
an Iowa corporation;
and Craigan Construction Company, Inc.,
an Oregon corporation,
*Defendants.*

CRAIGAN CONSTRUCTION COMPANY, INC.,
an Oregon corporation,
*Cross-claim Plaintiff,*

*v.*

Michelle R. GRADY,
*Cross-claim Defendant.*

Lauren PAULSON,
*Appellant,*

*v.*

Kevin M. GRADY
and Michelle R. Grady,
husband and wife,
*Respondents.*

(9702-01427; CA A106672)

14 P3d 672

Lauren Paulson argued the cause and filed the briefs *pro se*.

Angela M. Otto argued the cause for respondents. With her on the brief were Jeffrey B. Wilkinson and Stewart Sokol & Gray LLC.

Before Landau, Presiding Judge, and Wollheim and Brewer, Judges.

BREWER, J.

## BREWER, J.

■ Lauren Paulson is an attorney who appeals from a judgment imposing sanctions against him under ORCP 17 C(3). The trial court concluded that Paulson made a false certification when he signed a pleading on behalf of his client. We review the trial court's imposition of sanctions for errors of law, *Nygaard Logging Co., Inc. v. OR-OSHA*, 165 Or App 90, 102, 995 P2d 589 (2000), and reverse.

In February 1997, G.W. Paulson Co.[1] filed an action against Craigan Construction Company (Craigan) and Kevin and Michelle Grady (Grady).[2] Paulson represented Craigan in the action and signed all relevant pleadings and motions on its behalf. The dispute arose out of a contract to remodel Grady's home in which Craigan was the general contractor and plaintiff was a subcontractor. In April, Grady filed an answer to plaintiff's complaint and cross-claims against Craigan. In July, the trial court entered a default order in favor of plaintiff against Craigan. In August, the court entered judgment pursuant to ORCP 67 B on plaintiff's claims against Craigan.[3] In January 1998, plaintiff dismissed its claims against Grady, and the ensuing judgment disposed of all of plaintiff's claims.

In August 1998, more than a year after entry of the default judgment and 16 months after Grady filed her cross-claims, Craigan filed a pleading that included an answer to plaintiff's complaint, an answer to Grady's cross-claims, and cross-claims in return against Grady. In October, Craigan moved to set aside the default judgment obtained by plaintiff. Grady opposed Craigan's motion and moved to dismiss

---

[1] G. W. Paulson Co. is unrelated to Lauren Paulson, and it is not a party to this appeal.

[2] Kevin Grady died before April 1997, when Michelle Grady filed an answer. All references to Grady in this opinion refer to Michelle Grady.

[3] ORCP 67 B provides, in part:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

Craigan's answer and cross-claims. In addition, Grady moved for sanctions against Paulson under ORCP 17 C(3) and D. ORCP 17 provides, in part:

> "Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record * * *.
>
> "* * * * *
>
> "C(3) [By signing, a]n attorney certifies that the claims, defenses and other legal positions taken in the pleading, motion or other paper are warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law.
>
> "* * * * *
>
> "D(1) The court may impose sanctions against a person or party who is found to have made a false certification under section C of this rule * * *.
>
> "* * * * *
>
> "D(4) Sanctions under this section must be limited to amounts sufficient to reimburse the moving party for attorney fees and other expenses incurred by reason of the false certification * * *."

The trial court denied Craigan's motion to set aside the default judgment and addressed the issue of sanctions against Paulson as follows:

> "I am * * * granting Grady's motion for sanctions to recover 'reasonable' attorneys fees against [Paulson] because I find [Craigan] filed an answer and made cross claims after judgment had been entered[,] and thus [Craigan's] claim was not warranted by existing law. * * * [I]t is clear under ORCP 17 C(3) that the filing of an answer 13 months after judgment has been entered is not allowed under the Oregon [R]ules of [C]ivil [P]rocedure."

The trial court then imposed a supplemental money judgment in favor of Grady against Paulson in the sum of $2,153.91.

On appeal, Paulson asserts that the trial court erred in imposing sanctions against him, because the pleading that

he filed on behalf of Craigan was warranted by existing law. In response, Grady notes that Craigan's cross-claims and answer to Grady's cross-claims were included in the pleading that contained Craigan's answer to plaintiff's complaint. Grady contends that Craigan was not, after entry of the default judgment, authorized to file an answer to plaintiff's complaint. Therefore, Grady asserts, Craigan's answer more than a year after the default judgment was entered was not warranted by existing law. Paulson replies that the default judgment entered in favor of plaintiff against Craigan did not terminate the action as between Grady and Craigan. Paulson asserts that the pleading he filed was permitted insofar as the claims between Grady and Craigan were concerned and, therefore, was warranted by existing law for purposes of ORCP 17 C(3). We agree.

 The trial court concluded that Craigan's pleading was not warranted by existing law, a conclusion based on the court's interpretation of the legal effect of the default judgment against Craigan under the Oregon Rules of Civil Procedure. When a court imposes attorney fees as a sanction based on an interpretation of law, we review for errors of law. *See Nygaard Logging*, 165 Or App at 102 (reversing attorney fee award imposed under ORS 182.090 and ORS 183.497 based on finding that party acted "without a reasonable basis in fact or in law"); *but see Fernley v. Lloyd*, 164 Or App 109, 113, 988 P2d 930 (1999) (where decision whether or not to award sanctions under ORCP 17 depends on trial court's exercise of discretion, we review for abuse of discretion).

 Default orders and judgments are governed by ORCP 69, which provides, in part:

"A(1). When a party against whom a judgment for affirmative relief is sought * * * has failed to plead or otherwise defend as provided in these rules, the party seeking affirmative relief may apply for an order of default.

"* * * * *

"D. The provisions of this rule apply whether the party entitled to the judgment by default is a plaintiff, a third party plaintiff, or a party who has pleaded a cross-claim or counterclaim. *In all cases a judgment by default is subject to the provisions of Rule 67 B.*" (Emphasis added.)

In this case, the default judgment was entered pursuant to ORCP 67 B because it addressed only plaintiff's claims against Craigan. The judgment did not dispose of Grady's cross-claims against Craigan. Thus, those claims remained pending when Craigan filed an answer to them and cross-claimed in return. If Grady wished to foreclose the possibility of a responsive pleading from Craigan, she could have proceeded, as plaintiff did, to seek a default order and judgment. ORCP 69 A(1). However, Grady did not do so. Therefore, even though Craigan did not answer Grady's cross-claim within the time expressly allowed by the Oregon Rules of Civil Procedure,[4] its delayed answer was nonetheless authorized. *Reeder et al v. Marshall, Admix.*, 214 Or 154, 155-56, 328 P2d 773 (1958) (an answer may be filed at any time before the entry of a default order); *Morrow Co. Sch. Dist. v. Oreg. Land and Water Co.*, 78 Or App 296, 301-02, 716 P2d 766 (1986) (although filed after the time permitted by ORCP 7 C(2), and while motion for default was pending, defendant's motion to dismiss complaint precluded entry of default). Further, Grady cites no provision of the Oregon Rules of Civil Procedure that prohibited the filing of Craigan's cross-claims, and we are aware of none. *See* ORCP 22 B (specifying requirements for cross-claim practice).

Plaintiff's default judgment foreclosed Craigan's right to file an answer to *plaintiff's complaint* under existing law, but *plaintiff* did not move for sanctions. Insofar as Craigan's pleading answered Grady's cross-claim and pleaded a cross-claim in return, it was warranted by existing law. Under these circumstances, the trial court erred in imposing sanctions against Paulson under ORCP 17 C(3).

Reversed.

---

[1] *See* ORCP 15 A; ORCP 7 C(2).